UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

                                     Case No.  1:21-cr-00655-JB

    -vs-

JESSE BURKE,

        Defendant.

## ORDER DENYING OPPOSED MOTION FOR RECONSIDERATION OF DETENTIONION ORDER

**THIS MATTER** is before the Court on defendant Jesse Burke's Motion for Reconsideration of Detention Order, filed on September 9, 2021.  Doc. 33.  The government opposes Mr. Burke's motion.  Doc. 35.  Mr. Burke filed a reply to the government's response on September 28, 2021.  Doc. 38.  For the following reasons, the Court DENIES Mr. Burke's motion.

On May 12, 2021, a federal grand jury returned an indictment against Mr. Burke, accusing him of possessing 50 grams and more of methamphetamine with intent to distribute it, in violation of 21 U.S.C. Secs. 841(a)(1) and (b)(1)(A).  Doc. 2.  Mr. Burke was taken into federal custody on June 7, 2021, and on June 11, 2021, the Court held both an arraignment and a detention hearing.  *See* Doc. 14.  The Court detained Mr. Burke, finding that had he not rebutted the presumption that he should be detained.  Doc. 16 at 2.  The Court also found by clear and convincing evidence that Mr. Burke was a danger to the community, and by a preponderance of the evidence that he was a flight risk.  *Id*.  The Court based its findings on the fact that the weight

of the evidence against Mr. Burke was strong, and that he would be subject to a minimum

mandatory sentence of ten years if convicted.  *Id.*  The Court also based its findings on Mr.

Burke's prior criminal history; his participation in criminal activity while on probation, parole, or

supervision; his history of alcohol or substance abuse; his prior failures to appear in court as

ordered; and his prior violations of probation, parole, or supervised release.  *Id.* at 2–3.

On September 9, 2021, Mr. Burke moved this Court to reconsider its order of detention

primarily because of his chronic medical conditions.  *See* Doc. 33.  He argues that his "delicate

health and his long-term residential history in the Grants area militate in favor of release . . . ."

*Id.* at 8.  He also asserts that he has presented sufficient evidence to rebut the presumption of

detention, and that the Court could fashion conditions that would assure his future appearance at

court proceedings and the safety of the community.  *See id.*  The government counters by arguing

that Mr. Burke has not met the standard for reopening the detention hearing, and that all the

relevant factors favor Mr. Burke's continued detention.  *See* Doc. 35.  In his reply, Mr. Burke

makes clear that he is moving to reopen his detention hearing because there is new evidence that

his health has deteriorated since being held in custody at the Cibola County Correctional Facility.

*See* Doc. 38 at 1–2.

First, Mr. Burke has not given the Court a reason to reconsider its original detention

order.  A Court may grant a motion to reconsider only if it has misapprehended the facts or law,

a party's position, or to correct clear error or prevent manifest injustice.  *Servants of the

Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Motions to reconsider are proper in

criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide

for them.  *United States v. Randall*, 666 F.3d 1238, 1241–42 (10th Cir. 2011).  Mr. Burke has

made no argument that the Court misapprehended anything at the original detention hearing, or

2

that the Court clearly erred in detaining Mr. Burke, or that release is required to prevent manifest injustice. *See* Doc. 33 at 5.

Second, although a judicial officer may reopen a detention hearing, she may do so only if she "finds that information exists that was not known to the movant [Mr. Burke] at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). In his motion, Mr. Burke did not clearly state the basis for reopening the detention hearing although he included some details about his physical condition and his medical care since he's been in custody. *See* Doc. 33 at 1–2; *see also* Docs. 33-1 to 33-4 (medical records). In his reply, Mr. Burke makes clear that he believes the Court should reopen the detention hearing because his health has deteriorated since he's been in custody. *See* Doc. 38 at 1–2. This development, however, does not change the Court's assessment as to "whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." *See* 18 U.S.C. § 3142(f)(2). Mr. Burke's prior attorney raised Mr. Burke's poor health as a reason for his release at the detention hearing, and the Court made clear that although it expected the detention facility to provide Mr. Burke with the health care he needed, his poor health did not overcome the presumption that he is both a flight risk and a danger to the community.

According to the government's proffer, Mr. Burke was under surveillance when he walked into a Holiday Inn in Grants carrying a gym bag, and he walked out carrying the same gym bag. Mr. Burke was stopped a short while later, and eventually the gym bag was searched pursuant to a warrant. Law enforcement officers found about 1.3 kilograms of methamphetamine in the gym bag. Mr. Burke's serious chronic diseases apparently did not

interfere with this activity, and although Mr. Burke has filed a motion to suppress the evidence, that motion challenges the seizure and subsequent search of the gym bag. *See* Doc. 36. It does not suggest that Mr. Burke was misidentified or was not the person who had possession of the gym bag containing 1.3 kilograms of methamphetamine. Thus, the motion does not reduce the Court's concern that Mr. Burke is a danger to the community. And unless and until Judge Browning suppresses the evidence against Mr. Burke, the evidence against Mr. Burke appears strong, and he still is facing a minimum mandatory term of imprisonment of ten years. In addition, Mr. Burke's criminal history dates back to 1999 and mostly involves drug-related offenses. In 2000 he was convicted of possession of marijuana; in 2004 he was convicted of possession of a controlled substance on two separate days that year; in 2007 he was convicted of possession of marijuana; in 2011 he was convicted of possession and use of a dangerous drug; and in 2014 he was convicted of possession of a controlled substance on two different days in 2013 as well as use or possession of drug paraphernalia. Doc. 12 at 5–9. He's been arrested for unlawful taking of a motor vehicle, additional drug-related offenses, shoplifting, fugitive-related offenses, and, most recently, aggravated battery against a household member by strangulation or suffocation. *Id.* He was released on conditions of release for a drug-related offense on September 10, 2013 but was rearrested two weeks later on a new felony drug charge. *See id.* at 8–9. He has violated conditions of release or probation at least seven times and has failed to appear in court as required at least three times. *See id.* at 5–9. He also has a history of marijuana and methamphetamine use. *See id.* at 3; *see also* Doc. 33-3 at 2 ("Significant 20[-]year history of Meth and Marijuana"). Based on these factors, the Court ordered Mr. Burke detained on June 11, 2021, and the new evidence of Mr. Burke's deteriorating physical condition does not change the Court's analysis.

This is not to say, however, that the Court is not concerned about Mr. Burke's physical condition and whether he is receiving adequate medical care.  Although the Court is denying Mr. Burke's motion to reconsider, it is without prejudice to him filing a renewed motion, should he wish to do so, seeking temporary release under 18 U.S.C. § 3142(i) to address his medical situation.  The Court reminds Mr. Burke that he bears the burden of proof under § 3142(i) in showing that his temporary release is "necessary . . . for another compelling reason."  *See United States v. Clark*, 448 F. Supp. 3d 1152, 1155 (D. Kan. Mar. 25, 2020); *United States v. Reese*, 2012 WL 13080791, *2 (D.N.M. Apr. 2, 2012).  In addition, by this order the Court will direct the United States Marshals Service to ensure that the Cibola County Correctional Facility is providing appropriate and necessary medical care to Mr. Burke.

**IT IS THEREFORE ORDERED** that defendant Steven Burke's opposed Motion for Reconsideration of Detention Order (Doc. 33) is denied.

DATED this 4th day of October 2021

_____

Laura Fashing
United States Magistrate Judge